Lanzinger, J.,
concurring in judgment.
{¶ 21} I would hold simply that because a RICO offense and its underlying predicate offenses are offenses of dissimilar import, they do not merge. R.C. 2941.25(B) states:
Where the defendant’s conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
(Emphasis added.)
{¶22} In reviewing whether multiple crimes constitute allied offenses that merge, heretofore we have mainly discussed the concept of offenses of the same or similar import that result in offenses committed separately or with a separate animus. We have not often discussed situations in which offenses are of dissimilar import. Yet if the defendant’s conduct does not constitute two or more offenses of similar import (i.e., of similar nature or character), a defendant may be convicted and sentenced consecutively or concurrently for each conviction.
*191 {¶ 23} It is helpful in the merger analysis to remember that R.C. 2941.25(B) distinguishes between offenses that are dissimilar in import from offenses similar in import but committed separately or with a separate animus. If the conduct of the offender has led to charges of dissimilar import, the offenses do not merge, and there is no need to consider the animus with which they were committed or whether they were committed separately.
{¶ 24} Miranda’s case provides a prime example of offenses of dissimilar import. He was charged with trafficking in marijuana and possession of marijuana, felonies involving the sale and possession of a specific drug. He was also charged with a RICO violation, specifically, with “engaging] in violations of law, to wit: [R.C.] 2925.11 and 2925.03” while “associating] with an enterprise” and “conducting] or participating] in * * * the affairs of the enterprise.” As the majority explains, RICO is a felony offense that was designed to punish participation in an enterprise that engages in a pattern of corrupt activity. R.C. 2923.32(A)(1). The predicate offense of trafficking in marijuana provides one of the elements needed for a RICO conviction. Miranda’s marijuana offense differs from the RICO offense, and the convictions are not the same in their nature or character. The predicate offense here involves the sale of drugs while, as the majority explains, RICO was promulgated to “ ‘deal with the unlawful activities of those engaged in organized crime.’ ” State v. Schlosser, 79 Ohio St.3d 329, 332, 681 N.E.2d 911 (1997), quoting the Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922, reprinted in 1970 U.S.Code Cong. & Adm.News at 1073.
{¶ 25} Miranda argues that his sentences for the same conduct in these offenses violate the rule expressed in State v. Johnson, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. While it is true that the syllabus in Johnson says that “[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered,” this language does not offer the complete analysis necessary to determine whether offenses are subject to merger rather than multiple convictions and cumulative punishment. Consideration of the defendant’s conduct is but the first step in determining whether multiple offenses are allied offenses of similar import pursuant to R.C. 2941.25(B). As a justice in Johnson succinctly stated about allied offenses of similar import: “In practice, allied offenses of similar import are simply multiple offenses that arise out of the same criminal conduct and are similar but not identical in the significance of the criminal wrongs committed and the resulting harm.” (Emphasis added.) Id. at ¶ 64 (O’Connor, J., concurring in judgment). In other words, offenses are dissimilar if they are not alike in their significance and their resulting harm.
*192 Ron O’Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.
David P. Rieser and David J. Graeff, for appellant.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, urging affirmance for amicus curiae, Cuya-hoga County Prosecutor’s Office.
{¶ 26} In enacting the RICO statute, the General Assembly has shown its intention to create a new offense that will punish more severely certain specified conduct in which individuals participate in a pattern of corrupt activity within a criminal enterprise. As a result, RICO is dissimilar from any underlying offenses upon which a defendant is convicted, for the offenses do not involve similar criminal wrongs and similar resulting harm.
{¶ 27} For these reasons, I concur in judgment, emphasizing that RICO and its underlying predicate offenses are of dissimilar import and will therefore never merge.
O’Connor, C.J., and Piper, J., concur in the foregoing opinion.